**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4075**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

BRENT RENARD CHRISTIAN,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:12-cr-00204-NCT-1)

Submitted:  September 13, 2013          Decided:  October 24, 2013

Before WILKINSON and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Marcia G. Shein, LAW FIRM OF SHEIN & BRANDENBURG FEDERAL CRIMINAL LAW CENTER, Decatur, Georgia, for Appellant. Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brent Renard Christian appeals from his conviction and 178-month sentence entered pursuant to his conditional guilty plea to possession with intent to distribute cocaine base and possession of firearms in furtherance of a drug trafficking crime. On appeal, he challenges the sufficiency of one of the search warrants in his case, and he avers that the district court clearly erred in imposing a sentencing enhancement for maintaining a premises for drug manufacturing or distribution. We affirm.

When considering the denial of a motion to suppress, we review de novo a district court's legal conclusions, while its factual findings are reviewed for clear error. United States v. Guijon-Ortiz, 660 F.3d 757, 762 (4th Cir. 2011). The evidence is construed in the light most favorable to the Government, the prevailing party below. United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004). Christian first contends that the warrant lacked probable cause as there was insufficient evidence connecting an apartment at 2122-H Chester Ridge Drive with criminal activity.

To comport with the Fourth Amendment, a magistrate issuing a search warrant must find probable cause based on "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair

2

probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). "The probable-cause standard is incapable of precise definition or quantification into percentages because it deals with probabilities and depends on the totality of the circumstances." Maryland v. Pringle, 540 U.S. 366, 371 (2003). For that reason, in reviewing the sufficiency of a supporting affidavit, we avoid "hypertechnical scrutiny," instead granting great deference to the issuing magistrate. Owens v. Lott, 372 F.3d 267, 274 (4th Cir. 2004)(quoting United States v. Robinson, 275 F.3d 371, 380 (4th Cir. 2001). Here, we conclude that the corroborated informant information, in conjunction with Christian's drug activity and the detective's knowledge of drug trafficking protocol, was sufficient to support probable cause for the warrant.

A confidential informant provided information that Christian stayed at Chester Ridge. This tip was confirmed through surveillance; Christian was observed traveling between Chester Ridge and Wilson Place, the site of alleged drug dealing, and he was observed staying overnight on a regular basis at Chester Ridge. He was spotted at Chester Ridge the day before the warrant issued and was seen traveling between the two residences 48 hours prior to the warrant application. While Christian contends that these statements in the application were

3

general and conclusory, we determine that, considering all the allegations together, there was sufficient specificity from more than one source to show that Christian regularly spent time at Chester Ridge and traveled between Wilson Place and Chester Ridge.

Moreover, the application provided an undisputedly reliable confidential tip that Christian had sold cocaine within the five days prior to the warrant application at Wilson Place. In addition, the applicant detective included assertions based on his long experience as a veteran police officer that Christian would likely store his drugs and related items somewhere other than Wilson Place and that the storage would probably take place at a residence or business which is used as a "stash house." See United States v. Doyle, 650 F.3d 460, 471 (4th Cir. 2011) ("[T]he nexus between the place to be searched and the items to be seized may be established by the nature of the item and the normal inferences of where one would likely keep such evidence." (internal quotation marks omitted)); United States v. Williams, 548 F.3d 311, 319 (4th Cir. 2008) ("[W]e have upheld warrants to search suspects' residences and even temporary abodes on the basis of (1) evidence of the suspects' involvement in drug trafficking combined with (2) the reasonable suspicion (whether explicitly articulated by the applying officer or implicitly arrived at by the magistrate judge) that

4

drug traffickers store drug-related evidence in their homes."). Based on the foregoing, the district court determined correctly that probable cause supported the warrant.

Christian next argues that the sentencing judge erred by finding that he maintained a premises for manufacturing or distributing drugs, which resulted in a two-point enhancement of his sentence. Specifically, Christian avers that there was no evidence as to how long the drugs were stored at the Chester Ridge apartment and that he did not own, lease, live at, or pay any expenses for the apartment.

We review the lower court's application of the sentencing guidelines de novo and its factual findings for clear error. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012). The "premises" relied upon by the trial court in applying the enhancement was the master bedroom in the Chester Ridge apartment. USSG § 2D1.1(b)(12) provides that "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, increase [the offense level] by 2 levels." According to the Guidelines commentary, "[a]mong the factors the court should consider in determining whether the defendant 'maintained' the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises." USSG

5

§ 2D1.1 cmt. n. 17. The commentary makes clear that a "premises" need not be an actual house or residence, but may be a "building, room, or enclosure." <u>Id.</u> "Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises." <u>Id.</u>

According to the evidence established at sentencing as well as in the warrant application and the presentence report, Christian traveled regularly between Chester Ridge and the place where he distributed drugs. He had a key to the Chester Ridge apartment, and he stayed there regularly but not exclusively. He "controlled" a chest and a safe in the master bedroom, which contained a great deal of money and drugs, as well as two firearms. A friend lived at least part-time in the apartment with her son, but she received her mail elsewhere, so presumably it was either not her only residence or perhaps a temporary residence. While there is no evidence as to how long the arrangement had been in place, the search warrant application makes it clear that there were multiple trips between residences, and the large amount of money and drugs, as well as the safe, at the Chester Ridge apartment indicates that the drugs were being stored there, as opposed to being there coincidentally. Finally, the spoons and bowls with cocaine

residue that were recovered from the apartment support the conclusion that crack was being manufactured at Chester Ridge.

We conclude that this evidence supports the inference that Christian maintained and/or controlled the apartment (or part of it) for the purpose of storing and manufacturing drugs for distribution. See United States v. Miller, 698 F.3d 699, 707 (8th Cir. 2012) (holding that enhancement applies "when a defendant uses the premises for the purpose of substantial drug-trafficking activities, even if the premises was also her family home at the times in question"), cert. denied, 133 S. Ct. 1296 (2013); United States v. Sanchez, 710 F.3d 724, 729 (7th Cir. 2013) (noting that "enhancement clearly contemplates that premises can have more than one principal use. . . . the proper inquiry is whether the drug transactions were a second primary use of the premises or were instead merely a collateral use"), petition for cert. filed (June 3, 2013). Accordingly, the district court did not clearly err in applying the enhancement.

Thus, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED